[Cite as *M.K. v. K.M.*, 2026-Ohio-2456.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

M. K.

    Appellee

    v.

K. M.

    Appellant

C.A. No.     25CA012289

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    20DR088507

DECISION AND JOURNAL ENTRY

Dated: June 29, 2026

HENSAL, Presiding Judge.

{¶1}    K.M. ("Husband") appeals an order of the Lorain County Court of Common Pleas, Domestic Relations Division, that granted a divorce to M.K. ("Wife"). This Court affirms.

I.

{¶2}    Husband and Wife married on May 16, 2019. Wife filed a complaint for annulment and divorce in 2020, and on October 23, 2023, the trial court granted Wife an annulment. Husband appealed, and this Court reversed with respect to the trial court's decision to grant an annulment instead of a divorce. *M.K. v. K.M.*, 2024-Ohio-5147, ¶ 17 (9th Dist.). On remand, the trial court granted Wife a divorce "based upon the grounds of gross neglect of duty and extreme cruelty." Husband appealed, assigning one error for this Court's review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS
DISCRETION IN FINDING THAT [WIFE] WAS ENTITLED TO A DIVORCE

FROM [HUSBAND] BASED UPON THE GROUNDS OF GROSS NEGLECT AND EXTREME CRUELTY.

{¶3} Husband's assignment of error argues that the trial court abused its discretion by granting a divorce to Wife on the grounds of gross neglect and extreme cruelty. This Court does not agree.

{¶4} A divorce may granted for any of the reasons set forth in Revised Code Section 3105.01, including extreme cruelty and gross neglect of duty. R.C. 3105.01(D)/(F). The terms "extreme cruelty" and "gross neglect of duty" elude a "concrete definition." *Patton v. Hickling-Patton*, 2014-Ohio-2862, ¶ 4 (9th Dist.), quoting *Deuri v. Deuri*, 1987 WL 14429, *1 (9th Dist. July 15, 1987). With respect to extreme cruelty, this Court has concluded that the term "is sufficiently broad enough to encompass acts and conduct which are calculated to permanently destroy the peace of mind and happiness of one of the parties to the marriage and thereby render the marriage relationship intolerable." *Yankovich v. Yankovich*, 1988 WL 104408, *3 (9th Dist. Oct. 5, 1988). The term includes, but is not limited to, physical abuse. *Parks v. Parks*, 1989 WL 35134, *2 (9th Dist. Apr. 12, 1989), quoting *Buess v. Buess*, 89 Ohio App. 37 (3d Dist. 1950). *See also Patton* at ¶ 5-6 (recognizing the presence of extreme cruelty where one spouse exhibited physical and mental abuse toward the other). "[W]hat facts constitute extreme cruelty is left to the broad, sound discretion of the trial court and depends upon all the circumstances of the particular case." *Brinker v. Brinker*, 1987 WL 19457, *1 (9th Dist. Oct. 28, 1987).

{¶5} In this case, the evidence at the hearing included testimony describing incidents of abuse that included, but were not limited to, physical violence. On one occasion, for example, Wife described an incident in which Husband attempted to strangle her to the point where she was unable to breathe. Wife also confirmed that she obtained a domestic violence civil protection order against Husband. This Court cannot conclude that the trial court's decision to grant the parties a

divorce on the grounds of extreme cruelty and gross neglect of duty was an abuse of discretion. Husband's assignment of error is overruled.

## III.

**{¶6}** Husband's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, J.
STEVENSON, J.
CONCUR.

APPEARANCES:

TROY A. MURPHY, Attorney at Law, for Appellant.

MICHAEL G. POLITO, Attorney at Law, for Appellee.